RECEIVED
JUN 3 0 2014
MAHALA N. SALAZAR
CIRCUIT CLERK

IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

SEVERSTAL COLUMBUS, LLC     **FILED**     PLAINTIFF

v.     AUG 4 2014     Civil Action No. 2014-0064-CVIC

ALTECH ENVIRONMENT USA CORP.     DAVID CREWS, CLERK     DEFENDANT
By_____ Deputy     1:14CV124-DMB-DAS

## COMPLAINT

Severstal Columbus, LLC ("Severstal") files this complaint against Altech Environment USA Corp. ("Altech").

### Parties

1. Severstal is a limited liability company formed under the laws of Delaware. Its principal place of business is located in Lowndes Coutny.

2. Altech is a corporation formed under the laws of Illinois. Its principal place of business is located in Illinois.

### Jurisdiction

3. This Court has subject matter jurisdiction over this action pursuant to Miss. Code Ann. § 9-7-81 because the principal amount in controversy exceeds $200,000.00 and this action is not exclusively cognizable in some other court.

### Venue

4. Venue is proper in this Court pursuant to Miss. Code Ann. § 11-11-3 because Lowndes County is where a substantial alleged act, omission or event that caused Severstal's injury occurred.

FILED

JUN 3 0 2014


Circuit Clerk

## Facts

5. Severstal operates an electric arc furnace facility in Columbus, Mississippi used in the production of steel.

6. Part of Severstal's operations involves melting scrap metal into liquid metal.

7. Air emissions are released during the melting of scrap metal that are regulated by the Environmental Protection Agency ("EPA") and the Mississippi Department of Environmental Quality ("MDEQ").

8. The MDEQ issued a Clean Air Act Permit (Title V), approved by the EPA, that required Severstal to have installed two continuous emission monitoring system ("CEMS") units to continuously collect, record and report certain emissions data.

9. MDEQ required installation of the two operational CEMS units by a certain date.

10. Severstal contracted with Altech to provide, install and make operational the CEMS units at Severstal's facility by the MDEQ deadline.

11. An accurate copy of the purchase order from Severstal to Altech for the Altech CEMS units and related items necessary for the operation of the units is attached as Exhibit 1.

12. Altech failed to provide and install operational CEMS units by the deadline that MDEQ required.

13. As a consequence of Altech's failure to provide and install two operational CEMS units by the MDEQ deadline, MDEQ assessed a penalty against Severstal.

14. Severstal paid the penalty that MDEQ assessed.

15. Severstal incurred significant costs in attempts to test and make the Altech CEMS units operational.

16. The Altech CEMS units were defective and never became operational.

FILED

JUN 3 0 2014

17. Severstal was required to enter into a contract with a different entity to provide and install operational CEMS units.

### Claim No. 1: Negligence

18. Severstal incorporates the previous allegations presented in this complaint.

19. Altech had a duty to provide and install in a good and workmanlike manner operational CEMS units.

20. Altech breached that duty by failing provide and install in a good and workmanlike manner operational CEMS units.

21. Altech's breach caused Severstal to suffer damages that include but are not limited to regulatory penalties, amounts paid to Altech for the non-operational CEMS units, incremental costs for the replacement CEMS units and other related costs.

### Claim No. 2: Breach of Contract

22. Severstal incorporates the previous allegations presented in this complaint.

23. Severstal entered into a contract with Altech for Altech to provide and install operational CEMS units.

24. Altech breached that contract because it failed to install for Severstal operational CEMS units.

25. Altech's breach caused Severstal to suffer damages that include but are not limited to regulatory penalties, amounts paid to Altech for the non-operational CEMS units, incremental costs for the replacement CEMS units and other related costs.

### Claim No. 3: Breach of Implied Warranty of Merchantability

26. Severstal incorporates the previous allegations presented in this complaint.

27. By operation of Miss. Code Ann. § 75-2-314 Altech provided an implied warranty of merchantability in connection with the CEMS units it sold to Severstal.

FILED

JUN 3 0 2014

28. Altech breached the implied warranty of merchantability because the CEMS units it provided failed to satisfy all of the requirements listed in § 75-2-314(2).

29. Altech's breach caused Severstal to suffer damages that include but are not limited to regulatory penalties, amounts paid to Altech for the non-operational CEMS units, incremental costs for the replacement CEMS units and other related costs.

### Claim No. 4: Breach of Implied Warranty of Fitness for a Particular Purpose

30. Severstal incorporates the previous allegations presented in this complaint.

31. By operation of Miss. Code Ann. § 75-2-315, Altech provided an implied warranty of fitness for a particular purpose in connection with the CEMS units it sold to Severstal.

32. Altech knew of the particular purpose for which Severstal needed the CEMS units.

33. Severstal relied on Altech's skill to furnish CEMS units suitable for the purpose for which Severstal needed the CEMS units.

34. Altech breached the implied warranty of fitness for a particular purpose because it failed to furnish CEMS units suitable for the purpose for which Severstal needed the CEMS units.

35. Altech's breach caused Severstal to suffer damages that include but are not limited to regulatory penalties, amounts paid to Altech for the non-operational CEMS units, incremental costs for the replacement CEMS units and other related costs.

ACCORDINGLY, Severstal requests that the Court enter a judgment in its favor and against Altech that provides Severstal the following relief:

(i) damages in an amount to be proven at trial,

FILED

JUN 3 0 2014

*Mahule M. Salazar*
Circuit Clerk

(ii) pre and post-judgment interest,

(iii) attorneys' fees and related costs and

(iv) all other relief that the Court deems appropriate.

Dated: June 27, 2014.

Respectfully submitted,

SEVERSTAL COLUMBUS, LLC

By _____

One of Its Attorneys

OF COUNSEL:
Phil Abernethy (Miss. Bar No. 1023)
Brian Kimball (Miss. Bar. No. 100787)
1020 Highland Colony Parkway, Suite 1400 (zip 39157)
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
(T) 601.948.5711
(F) 601.985.450
(E) phil.abernethy@butlersnow.com,
brian.kimball@butlersnow.com

FILED

JUN 3 0 2014


Circuit Clerk

-5-