IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**STEEL DYNAMICS COLUMBUS, LLC**                                                          **PLAINTIFF**

**V.**                                                                              **NO. 1:14-CV-124-DMB-DAS**

**ALTECH ENVIRONMENT USA CORP.**                                                          **DEFENDANT**

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

On June 30, 2014, Severstal Columbus, LLC ("Severstal"), now named Steel Dynamics Columbus, LLC ("Steel Dynamics"),[1] filed a complaint against Altech Environment USA Corp. ("Altech") in the Circuit Court of Lowndes County, Mississippi, asserting claims of negligence, breach of contract, and breach of implied warranties regarding the purchase of two continuous emissions monitoring units. Doc. #2. On August 4, 2014, Altech removed the state action to this Court under 28 U.S.C. §§ 1332 and 1441, alleging an amount in controversy over $75,000.[2] Doc. #1 at ¶ 5. On October 14, 2014, Steel Dynamics filed an amended complaint, adding claims for breach of express warranty and contractual indemnification, and alleging incidental and consequential damages stemming from defects in the purchased units. Doc. #13 at ¶¶ 13–17.

Before the Court is Altech's "Motion for Partial Summary Judgment on the Issue of Contractual Limitation of Remedies" filed November 6, 2015. Doc. #49. Altech limited its motion to "how … provisions [in the parties' purchase contract] limit recoverable damages."

---

[1] After Severstal commenced this action, and after Altech removed the action to this Court, Severstal amended its name to Steel Dynamics Columbus, LLC. On October 2, 2014, Severstal filed an unopposed motion to change the style of this case to reflect its new name, which United States Magistrate Judge David A. Sanders granted on October 14, 2014. Doc. #11; Doc. #12.

[2] Regarding subject matter jurisdiction, on May 31, 2016, and June 7, 2016, the Court ordered Altech to show cause why this case should not be dismissed due to the absence of complete diversity under 28 U.S.C. § 1332. Doc. #73; Doc. #75. In response, on June 3, 2016, and June 8, 2016, respectively, Altech filed motions for leave to amend the jurisdictional allegations of its notice of removal. Doc. #74; Doc. #76. On June 14, 2016, the Court granted Altech's second motion to amend. Doc. #81. Attached to Altech's second motion is indication that this Court has jurisdiction over this case under 28 U.S.C. § 1332(a)(2). Altech filed a supplement to its notice of removal on June 16, 2016. Doc. #84.

Doc. #50 at 2. Steel Dynamics responded in opposition on December 9, 2015, and Altech replied on January 8, 2016. Doc. #57; Doc. #58; Doc. #63. On May 27, 2016, this Court noticed the case for a bench trial.[3] Doc. #72.

A district court "has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial."[4] *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994) (quoting *Veillon v. Expl. Servs.*, 876 F.2d 1197, 1200 (5th Cir. 1989)) (alteration removed). This discretion also applies to motions for *partial* summary judgment. *See Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir. 1975) (court may deny partial summary judgment as to undisputed issue of material fact "for the purpose of achieving a more orderly or expeditious handling of the entire litigation"); *Montfort Square Shopping Ctr., Ltd. v. Goodyear Tire & Rubber Co.*, No. 3:10-CV-1673-D, 2012 WL 2358163, at *6 (N.D. Tex. June 21, 2012) (citing Rule 56(g) and 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2737 (3d ed. 1998)); *Saint John's African Methodist Episcopal Church v. GuideOne Specialty Mut. Ins. Co.*, 902 F. Supp. 2d 783, 788 (E.D. Va. 2012).

With respect to Altech's motion, this Court has considered the record before it, along with the parties' submissions on the motion, and concludes that the better course is for this case to proceed to trial on all issues.[5] All issues raised by the parties in their submissions on the partial

---

[3] The plaintiff has never demanded a jury trial, even before this case was removed to this Court. Consequently, this case was designated from the beginning as a non-jury trial case in the case management order, Doc. #19, and has remained a non-jury trial case since then.

[4] "[A]n interlocutory order denying summary judgment is not to be reviewed when final judgment adverse to the movant is rendered on the basis of a full trial on the merits." *Blessey Marine Servs., Inc. v. Jeffboat, L.L.C.*, 771 F.3d 894, 897 (5th Cir. 2014) (quoting *Black v. J.I. Case Co.*, 22 F.3d 568, 570 (5th Cir. 1994)); *see In re Vioxx Products Liab. Litig.*, 544 F. App'x 255, 259 n.5 (5th Cir. 2013) (applying rule in non-jury trial case).

[5] Among other things, because the Court will issue findings of fact and conclusions of law in a judgment after a bench trial in which liability is contested, a ruling on only the issue of damages beforehand would be inefficient and expend needless time to resolve a matter that may ultimately turn out to be immaterial to the judgment. *See Black*,

2

summary judgment motion, including Altech's assertion of a contractual limitation on damages, will be considered at trial.[6]

Accordingly, Altech's motion for partial summary judgment on the issue of contractual limitation of remedies [49] is **DENIED without prejudice**.

**SO ORDERED**, this 17th day of June, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

22 F.3d at 572 (quoting *Woods v. Robb*, 171 F.2d 539, 541 (5th Cir. 1948)) ("The saving of time and expense is the purpose to be attained by a summary judgment in a proper case …."); *Saint John's*, 902 F. Supp. at 788–89 ("The Court will not address whether any of the alleged failures on the part of GuideOne constitute bad faith until after a determination has been made on the issue of breach."). Instead, in its discretion and as may be warranted, the Court may consider during the bench trial a judgment on partial findings. Fed. R. Civ. P. 52(c). Of note, the parties have not represented to the Court that preparing for trial on the issue of damages in addition to the issue of liability involves a substantial and distinct extra burden. Additionally, the Court prefers to consider the damages issue in view of all facts to be presented at the bench trial rather than on just the motion record. *See Virgil v. Time, Inc.*, 527 F.2d 1122, 1131 n.15 (9th Cir. 1975) ("Denial (as distinguished from grant) of summary judgment involves not only pure questions of law; it involves as well an exercise of discretion upon the question whether decision should be postponed until it can be founded on a more complete factual record.").

[6] On June 10, 2016, both parties filed trial briefs. Doc. #78; Doc. #79. Altech expressly incorporated by reference into its trial brief its motion for partial summary judgment, and its memorandum and reply in support. Doc. #79 at 7–8. Likewise, Steel Dynamics expressly incorporated by reference its opposition to Altech's motion into its trial brief. Doc. #78 at 7.